Julie MASON, Plaintiff,

v.

WAUKESHA COUNTY, Hon. J. Mac Davis, Circuit Court Children's Division, Waukesha County, Marylee D. Wilkinson, Assistant Corporation Counsel, Waukesha County, Jeffrey Stuberg, Waukesha County Department of Health & Human Services, and Samuel Benedict, State of Wisconsin Office of Public Defender, Defendants.

No. 93–C–1454.

United States District Court, E.D. Wisconsin.

June 16, 1994.

Robert E. Sutton, Sutton & Kelly, Milwaukee, WI, for plaintiff.

Raymond J. Pollen, Riordan, Crivello, Carlson, Mentkowski & Steeves, Milwaukee, WI, for defendants Waukesha County, Marylee Wilkinson and Jeffrey Stuberg.

Jennifer Sloan Lattis, Wisconsin Dept. of Justice, Office of the Atty. Gen., Madison, WI, for defendants J. Mac Davis and Samuel Benedict.

## OPINION AND ORDER

CURRAN, District Judge.

On December 28, 1993 Julie Mason, a citizen of Wisconsin, residing in Elm Grove, Wisconsin, commenced the present action pursuant to 42 U.S.C. § 1983 against Waukesha County Circuit Judge J. Mac Davis, Samuel Benedict, of the State Public Defender Office, Marylee D. Wilkinson, Assistant Corporation Counsel of Waukesha County, and Jeffrey Stuberg, a social worker in the Waukesha County Department of Health and Human Services and Waukesha County. Before the court are motions to dismiss filed by Judge Davis and Samuel Benedict and for summary judgment filed by Waukesha County, Marylee Wilkinson and Jeffrey Stuberg.[1] The plaintiff has not filed any matters in opposition to the summary judgment motion although the court granted her request for an extension of time to respond to the summary judgment motions to May 2, 1994. The court thus deems that her right to oppose the summary judgment motions has been waived. *See* Local Rule 6.01.

On August 12, 1993, Julie Mason filed a CHIPS[2] petition in the Children's Division of the Waukesha County Circuit Court stating that her son was in need of protection or services and that she was unable to provide necessary special treatment or care for him. She further alleged that he had been missing from his home without permission, that he refused to comply with his curfew or with other household rules and that he had been found with drug paraphernalia and marijuana on his person. She further alleged that he had been truant for eleven consecutive days during the second semester of the 1992–93 school year and that he had made statements to his stepfather, threatening physical harm. She sought a hearing and a finding that her son was in need of protection or services and "that the court enter an order determining the status of the named child to provide for future care, custody status, and other such disposition and provision as the court shall deem necessary and proper and in the best interest of the named child and the public, in accordance with Chapter 48, Wisconsin Statutes." On October 14, 1993, a consent decree was entered providing in part that until April 14, 1994, the son was to obey all household rules, including curfew, attend all scheduled classes unless medically excused, refrain from any physical violence against persons or property, participate in individual and family counseling and refrain from the use or possession of drugs or alcohol. The consent decree order was signed by the son and his mother, Julie Mason, the son's attorney, Samuel Benedict, the social worker, Jeffrey Stuberg, the prosecuting attorney, Marylee Wilkinson and Judge Davis.

Despite the entry of the consent decree, however, an additional petition for determination of status—in need of protection or services was filed by Assistant Corporation Counsel, Marylee Wilkinson, on November 11, 1993. In this petition, it was alleged that Mrs. Mason's son was truant from Brookfield

---

1. Kasha Riggsbee has joined in the motion for summary judgment but she is not a named defendant and there are no allegations against her in the complaint. The court does not consider Ms. Riggsbee to be a defendant.

2. "CHIPS" is the acronym for "child in need of protection or services."

East High School without a valid legal excuse for ten days in September, fourteen days in October and two days in November. On that same date, Julie Mason filed a document entitled "Petition Requesting Jurisdiction of the State of Wisconsin over [her son]." In this petition and its accompanying affidavit, Mason, who was now represented by counsel, stated that her son had not abided by the provisions of the consent decree, that he had been habitually truant from high school, that he continued to be defiant and disruptive at home, and that she was petitioning for an order placing him "in the state facility or alternatively enrolling [him] in a boarding school outside the state of Wisconsin to be selected by Julie Mason...."

On December 7, 1993, a hearing was conducted on the petitions before Judge Davis in the Children's Division of Waukesha County Circuit Court. This was a fact-finding hearing at which the judge heard evidence concerning Mrs. Mason's son's habitual truancy. Although it appears that Mrs. Mason asked that her petition be dismissed and that she be permitted to enroll her son in an out-of-state school, the court found that the minor was in need of protection and services pursuant to Wisconsin statutes. The judge scheduled a dispositional hearing on December 14, 1993, and required that all parties be present.

Instead of waiting for the judge to rule on the disposition of the case, however, Mrs. Mason had her son removed from Wisconsin and enrolled in the DeSisto School in the State of Massachusetts. The school was apparently instructed not to allow anyone to speak to the boy, including his lawyer. On December 17, 1993, Judge Davis issued an order requiring Julie Mason to allow her son to communicate with his lawyer, to instruct the DeSisto School to permit unlimited communications between her son and his lawyer, and to take all reasonable steps to produce her son for the dispositional hearing.

The Plaintiff filed a petition for a supervisory writ in the Wisconsin Court of Appeals, which petition was denied on December 20, 1993. Shortly thereafter the Plaintiff commenced the action in this court, claiming that the Defendants were depriving her of her right to enroll her child in a private school. She sought a preliminary injunction "directing that the Defendant Davis withdraw and reverse his order of December 17, 1993, and that no further orders of any kind be directed to the Plaintiff" along with compensatory damages. The damage claim was against Waukesha County, Marylee Wilkinson, Jeffrey Stuberg and Samuel Benedict.

On January 11, 1994, Jeffrey Stuberg submitted a report to the court summarizing the forcible removal of Mrs. Mason's son from the jurisdiction by a "professional restrainer" prior to any dispositional order being entered. The Department of Health and Human Services took no position on the boy's placement at the DeSisto School but suggested that his needs could be met at this institution. It recommended that the boy be placed on one year formal supervision, with Mrs. Mason being required to provide the Department with monthly written reports of her son's progress at the DeSisto School and that the Department be permitted to speak with the staff and the boy as needed. Following the dispositional hearing on February 1, 1994, Judge Davis entered an order dismissing the case. Because injunctive relief was now moot, the Plaintiff asked that her motion for a preliminary injunction be withdrawn and the scheduled hearing be canceled. The court entered an order complying with those requests.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56; *Juarez v. Ameritech Mobile Communications,* 957 F.2d 317, 320 (7th Cir. 1992). A material question of fact is a question which is outcome determinative of an issue in the case. *Wainwright Bank v. Railroadmens Federal Savings & Loan Association of Indianapolis,* 806 F.2d 146 (7th Cir. 1986). A nonmoving party may not rest on her pleadings to avoid summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325–26, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986); *Lujan v. National Wildlife Federa-*

*tion,* 497 U.S. 871, 884, 110 S.Ct. 3177, 3186–87, 111 L.Ed.2d 695 (1990). "The days are gone, if they ever existed, when the nonmoving party could sit back and simply poke holes in the moving party's summary judgment motion." *Fitzpatrick v. Catholic Bishop of Chicago,* 916 F.2d 1254, 1256 (7th Cir. 1990). The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and the judgment as a matter of law should be granted in the movant's favor. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. Once the movant has met the initial burden, however, the opposing party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* In this case not only has the Plaintiff failed to "poke holes" in the Defendants' assertions that they are entitled to summary judgment, she has utterly failed to respond.

■ To be entitled to relief under 42 U.S.C. § 1983, a plaintiff must establish that a person acting under color of state law acted to deprive her of a right, privilege, or immunity secured by the Constitution or laws of the United States. *McNabola v. Chicago Transit Authority,* 10 F.3d 501, 513 (7th Cir.1993). It is by now well established, however, that section 1983 does not provide a remedy for a plaintiff who alleges that social service workers did not act competently. *See, e.g., DeShaney v. Winnebago County Department of Social Services,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989); *Archie v. City of Racine,* 847 F.2d 1211, 1221 (7th Cir.1988) *(en banc) cert. denied,* 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 809 (1989). From the submissions of the Defendants it appears that they acted in accordance with the law and furthermore are protected by the doctrine of absolute immunity in light of their quasi judicial conduct. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

■ The court further finds that Judge Davis was acting in his official capacity and is protected by absolute judicial immunity. Under Wisconsin law, a court may exercise jurisdiction over a custodial parent in a CHIPS proceeding and was thus not acting outside his jurisdiction in requiring that the Plaintiff produce her son. *See* Wis.Stat. Section 48.27. The court will also grant the motion of Samuel Benedict to dismiss on the basis of absolute immunity. All of his actions were taken pursuant to his legal representation of the son in the CHIPS proceeding. All of the Plaintiff's allegations of harm stem from the judicial decision. *See Millspaugh v. County Department of Public Welfare,* 937 F.2d 1172 (7th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 638, 116 L.Ed.2d 656 (1991). "If there would be no loss but for a judge's acts, then the prosecutor or witness who induces the judge to act has absolute immunity." *Id.* at 1175. Accordingly,

IT IS ORDERED that the motion for summary judgment IS GRANTED as to Waukesha County, Marylee D. Wilkinson and Jeffrey Stuberg.

IT IS FURTHER ORDERED that the motions of the Honorable J. Mac Davis and Samuel Benedict to dismiss ARE GRANTED.

IT IS FURTHER ORDERED that the clerk enter final judgment in favor of Waukesha County, Marylee D. Wilkinson and Jeffrey Stuberg and against the Plaintiff who takes nothing. The judgment shall dismiss the complaint as to the Honorable J. Mac Davis and Samuel Benedict.

Done and Ordered.